NASH v CITY OF GRAND RAPIDS

Docket No. 106287. Submitted June 21, 1988, at Grand Rapids. Decided August 16, 1988. Leave to appeal applied for.

Peter B. Nash filed suit against the City of Grand Rapids and the Grand Rapids Planning Commission in Kent Circuit Court seeking an injunction to prevent the city from selling a city park to Kent County. Plaintiff alleged that the defendants' actions in releasing the park from the city's master plan and agreeing to sell it were done without the approval of the electors and therefore violated the home rule cities act. The court, Stuart Hoffius, J., ruled that the planning commission did not act in an arbitrary or capricious manner when it released the park from the master plan and that the city could sell the park without voter approval. Plaintiff appealed.

The Court of Appeals *held:*

The home rule cities act prevents the sale of parks required under a city's master plan without voter approval. There is nothing which shows that the park at issue is a required park under the city's master plan, and the planning commission's resolution to release the park from the master plan amounts to a determination that the park was not required within the meaning of the home rule cities act. After the park was released from the master plan, the city could properly sell it without voter approval.

Affirmed.

1. MUNICIPAL CORPORATIONS — CITIES — SALE OF CITY PARKS — HOME RULE CITIES ACT.

The home rule cities act prevents a city from selling any of its parks required under the city's master plan without first obtaining voter approval of the sale (MCL 117.5[e]; MSA 5.2084[e]).

REFERENCES

Am Jur 2d, Municipal Corporations §§ 126 *et seq.*

Am Jur 2d, Parks, Squares, and Playgrounds §§ 5-7, 40-842.

See the Index to Annotations under Home Rule; Municipal Corporations; Parks and Playgrounds.

2. MUNICIPAL CORPORATIONS — CITIES — SALE OF CITY PARKS —
   HOME RULE CITIES ACT.

    A resolution by a city planning commission to release a city park
   from the city's master plan amounts to a determination that
   the park is not a required park within the meaning of the
   home rule cities act and, where there is nothing else which
   would make the park a required park under the master plan,
   the city may sell the park without first obtaining voter ap-
   proval for the sale (MCL 117.5[e]; MSA 5.2084[e]).

*Richard W. Nash,* for plaintiff.

*Philip A. Balkema,* City Attorney, and *G. Douglas Walton,* Deputy City Attorney, for defendants.

Before: MACKENZIE, P.J., and BEASLEY and M. G. HARRISON,* JJ.

BEASLEY, J. Plaintiff, Peter B. Nash, appeals as of right from a January 14, 1988, order denying his request for an injunction to prevent defendant City of Grand Rapids from selling John Ball Park to Kent County. Plaintiff had claimed that defendant Grand Rapids Planning Commission abused its discretion in releasing the park from the city's master plan. Plaintiff alleged that, without the approval of the electors, defendants' actions in releasing the park and agreeing to sell it violated the home rule cities act. MCL 117.5; MSA 5.2084.

The parties agreed to allow the trial court to decide the case on briefs and a set of stipulated facts containing exhibits. The stipulation provides:

    1. On *May 9, 1950,* the first Park and Recreation Master Plan was adopted by the City of Grand Rapids Planning Commission.
    2. Since *1950,* on at least thirteen (13) occasions the City of Grand Rapids Planning Commission has released park properties from the Park and Recreation Master Plan.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

3. On *March 26, 1987,* the most recent Park and Recreation Master Plan was adopted which included the John Ball Park and Zoo.

4. On *May 26, 1987,* the Grand Rapids City Commission passed the attached resolution authorizing the execution of an agreement between the City and the County of Kent for the purchase by the County of the John Ball Park and Zoo. (Attachment A).

5. On *June 3, 1987,* the City of Grand Rapids and the County of Kent signed the Agreement for the Purchase of City Property for Use as a Zoological Garden.

6. On *July 9, 1987,* the City of Grand Rapids Planning Commission conducted a public hearing as required by the Municipal Planning Act regarding the release of the John Ball Park and Zoo from the Park and Recreation Master Plan.

7. On *July 23, 1987,* the Planning Commission adopted the attached resolution concerning the John Ball Park and Zoo from the Park and Recreation Master Plan. (Attachment B).

8. That Peter Nash, Plaintiff herein, is a resident and elector of the City of Grand Rapids.

The trial court held that the planning commission did not act in an arbitrary or capricious manner when it released John Ball Park from the master plan and that the city could sell the park without voter approval.

On appeal, plaintiff again argues that the home rule cities act does not allow the City of Grand Rapids to sell John Ball Park without voter approval. MCL 117.5(e); MSA 5.2084(e) provides:

A city shall not have power . . . to sell a park, . . . or any part thereof, except where the park is not required under an official master plan of the city . . . unless approved by a majority of the electors voting thereon at a general or special election.

In *Verburg v Grand Rapids,* 366 Mich 398; 115 NW2d 94 (1962), defendant City of Grand Rapids was attempting to sell a portion of a park before the planning commission had released it from the master plan. The Supreme Court, affirming the decision by the same trial judge as here, Judge Stuart Hoffius, held that the city lacked authority to sell the park without a vote of the electors because, at the time of the sale, it was included within the city's master plan.

Here, however, the city agreed to sell John Ball Park contingent upon the planning commission's releasing the park from the master plan. After a public hearing of vigorous debate, the planning commission released John Ball Park from the master plan pursuant to the commission's power to partially amend the plan under MCL 125.38; MSA 5.2998. The planning commission resolved:

> WHEREAS, the Planning Commission has carefully considered and evaluated the provisions of the contract between the City and the County, the comments made at the public hearing, and other relevant information received and/or within the knowledge of the Planning Commissioners and, in the exercise of its discretion, hereby determines that the release of the John Ball Park and Zoo from the Park and Recreation Master Plan of the City will:
>
> 1) Not result in the loss of the use of the Zoo and green areas by City residents, and that same is guaranteed in the contract with the County, paragraph 19, page 11.
>
> 2) Not have a detrimental effect on the neighborhood because the stated goals of the County for the development of the Zoo are consistent with those of the City.
>
> 3) Accomplish a long-term goal of the Park and Recreation Master Plan to provide a broader base of economic support for the improvement of John Ball Park and Zoo facility.

4) Satisfy the long standing desire of the Planning Commission and the Grand Rapids Recreation Board to foster metropolitan cooperation in the funding and development of a major recreational facility within the City.

Now, THEREFORE, BE IT RESOLVED that, based on the foregoing determinations and applying relevant statutory and ordinance factors to be considered in adopting and amending the Master Plan, the Planning Commission hereby releases the John Ball Park and Zoo from the Park and Recreation Master Plan of the City of Grand Rapids.

Plaintiff argues that the release does not amount to a determination that John Ball Park is not "required" under the master plan. He claims that a park is required under the master plan if the planning commission recommends that the land be developed as a park and that the planning commission did not base the release on an independent determination that the land in question is no longer needed for park purposes.

We disagree. The home rule cities act prevents the sale of parks "required under the master plan" without voter approval. Neither the statute authorizing master plans nor the Grand Rapids plan itself "requires" any specific land to be used for parks. MCL 125.36; MSA 5.2996 provides that a master plan "shall show the commission's *recommendations* for the development of the territory." Second, the 1987 Grand Rapids master plan for parks and recreation does not include *requirements* for park land. The plan does list John Ball Park among its recreation inventory and display it on a map of community parks, but nowhere does the plan state that the park necessarily must be owned and operated by the city.

The planning commission's resolution to release John Ball Park from the city's master plan

amounted to a determination that the park was not required within the meaning of MCL 117.5; MSA 5.2084. Although the commission's resolution indicates that John Ball Park will continue to exist as a park and zoo, that fact does not make the park "required under the master plan." The commission's concern that the park remain open to city residents does not make it a required park. After the park was released from the master plan, the city could properly sell it without voter approval.

Affirmed.